UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BLAUWKAMP and
CARRIE BLAUWKAMP

     Plaintiffs,

v.

FIFTH THIRD BANK,

     Defendant.

Case No. 1:17-cv-688

Hon.

## COMPLAINT AND JURY DEMAND

Plaintiffs Carl Blauwkamp and Carrie Blauwkamp, by and through their counsel, for their Complaint against Defendant Fifth Third Bank ("Fifth Third"), state as follows:

## INTRODUCTION

1.      Plaintiffs bring this action against Fifth Third pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) and (k), due to Fifth Third's unlawful failure and refusal to: (1) provide Plaintiffs with information about the servicing of their home loan, and (2) correct errors in Fifth Third's account records regarding Plaintiffs' home loans, upon Plaintiffs' submission, and Fifth Third's receipt, of repeated requests for such information and notices of such error.

2.      In the face of substantial irregularities with Fifth Third's servicing of Plaintiffs' home loans, Fifth Third's willful noncompliance with RESPA has deprived Plaintiffs of the ability to validate the indebtedness which Fifth Third claims is owed on Plaintiffs' loans.

3.      Contrary to the requirements of RESPA, Fifth Third has: (1) failed to provide any acknowledgement that it received Plaintiffs' qualified written requests for information and notices of error; (2) failed to provide any substantive response within the thirty (30) day period allowed under RESPA; and (3) failed to correct its erroneous account records within the thirty (30) day period allowed under RESPA.

4.      To date, Fifth Third has provided Plaintiffs with none of the requested information, has provided Plaintiffs with zero documents, and has failed and refused to correct errors noticed by Plaintiffs.

5.      Through this action, Plaintiffs seek to obtain the requested information and documents to which they are entitled pursuant to RESPA and Regulation X, along with actual damages, statutory damages, injunctive relief, and the costs and reasonable attorney fees of bringing this action.

## THE PARTIES

6.      Plaintiffs Carl Blauwkamp and Carrie Blauwkamp are a married couple residing in Holland, Michigan.

7.      Defendant Fifth Third is a corporation headquartered in Ohio and organized under the laws of the State of Ohio.

8.      Fifth Third is a member of the Federal Reserve System and is regulated by the Federal Reserve Board.  Its deposits are insured by the Federal Deposit Insurance Corporation.

9.      Mortgage loans made by Fifth Third which are secured by a mortgage of a residential property designed principally for the occupancy of one to four families are "federally related mortgage loans" as that phrase is defined in RESPA, 12 U.S.C. § 2602(1).

10.     Fifth Third is the servicer of Plaintiffs' two residential home loans, including a note secured by a first mortgage ("Note"), and a home equity line of credit secured by a second mortgage ("HELOC").

11.     Fifth Third or its subsidiary, Fifth Third Mortgage Company, is the mortgagee of Plaintiffs' single-family residence and purports to be the creditor to which an indebtedness is owed under the Note and the HELOC.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 2605(f).

13.     Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

14.      In February of 2008, Plaintiffs executed a promissory note in favor of Fifth Third Mortgage-MI, LLC in the amount of $1,000,000.00 ("Note").  Fifth Third Mortgage-MI, LLC is a wholly-owned subsidiary of Fifth Third.

15.     Fifth Third Mortgage-MI, LLC is a mortgage lending company which is regulated by several United States government agencies, including the Office of the Comptroller of the Currency, the Federal Housing Administration and the Department of Housing and Urban Development.

16.     The Note was secured by a first mortgage on Plaintiffs' primary residence, located at 13 Carousel Drive, Holland, Michigan 49423 (the "Home").

17.     In July of 2008, Plaintiffs executed a home equity line of credit agreement with Fifth Third Mortgage-MI, LLC in the amount of $530,000.00 ("HELOC").

18.     The HELOC was secured by a second mortgage on the Home.

19.     The Note and the HELOC are each a "federally related mortgage loan" as that term is used in RESPA, 12 U.S.C. § 2605.

20.     Fifth Third acts as servicer of the Note and the HELOC.

21.     Fifth Third's account number for the Note ends in 9795, and its account number for the HELOC ends in 6198.

22.     In July of 2014, Plaintiffs filed for Chapter 7 bankruptcy.  Fifth Third filed motions in Plaintiffs' bankruptcy case for relief from the automatic stay in order to pursue its rights under the mortgages of Plaintiffs' home. Fifth Third acknowledged in its representations to the bankruptcy court that Plaintiffs' indebtedness to Fifth Third under the Note and the HELOC exceeded the value of the home. Fifth Third's motions for relief from the automatic stay were granted by the United States Bankruptcy Court for the Western District of Michigan.

23.     In its filings with the Bankruptcy Court, Fifth Third represented that as of October 30, 2015, the balance on the HELOC was $274,869.02.

24.     Thereafter, Plaintiffs were granted a discharge in bankruptcy.  Plaintiffs' personal responsibility to make payments under the Note and the HELOC was therefore extinguished.

25.     Plaintiffs did not reaffirm any indebtedness to Fifth Third under the Note or HELOC subsequent to the discharge, and the bankruptcy court docket contains no reaffirmation of any indebtedness to Fifth Third.

26.     Plaintiffs continued to make payments to Fifth Third under the Note and the HELOC for several months, but ultimately began having difficulty making timely payments in full.

27.     Fifth Third indicated its intention to begin the foreclosure by advertisement process on the Home in late 2016 unless Plaintiffs agreed to a loan modification and/or a repayment plan.

28.     Fifth Third and Plaintiffs have engaged in extensive communications by telephone and submission by Plaintiffs of documents since late 2016, as Plaintiffs have attempted to prevent foreclosure of their Home.

29.     Since at least late 2016, Fifth Third has provided inconsistent information regarding the purported indebtedness under the Note and the HELOC to Plaintiffs, depriving Plaintiffs of information necessary for Plaintiffs to evaluate Fifth Third's proposals regarding modification and/or repayment of the Note and/or the HELOC.

30.     For example, Fifth Third's communications to Plaintiffs variously indicated that the balance on the HELOC was $502,190.77 or $238,992.96 as of January of 2017.

31.     As of today, Fifth Third's online banking system states both that the balance on the HELOC is $502,190.77, and that the balance on the HELOC is $238,992.96.

32.     Fifth Third presently claims that at least $838,811.57 remains owing under the Note.

33.     In an effort to obtain information from Fifth Third about the servicing of the Note and the HELOC, and to resolve the inconsistency in Fifth Third's reporting of the loan balances, Plaintiffs sent a Request for Information and Notice of Error to Fifth Third on February 3, 2017 ("Feb. 3 RFI/NOE," Ex. 1).

34.     The Feb. 3 RFI/NOE constitutes a "qualified written request" and a "request for information" as those terms are used in RESPA, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. § 1024.36. (*Id.*)

35.     The Feb. 3 RFI/NOE constitutes a "request to correct errors" and a "notice of error" as those terms are used in RESPA, 12 U.S.C. § 2605(k) and Regulation X, 12 C.F.R. § 1024.35. (*Id.*)

36.     The Feb. 3 RFI/NOE contains sufficient information, including the borrower names, borrower social security numbers, and loan numbers, for Fifth Third to identify the loans as to which servicing information was being requested.

37.     The Feb. 3 RFI/NOE identifies the information requested with sufficient detail and particularity for Fifth Third personnel to understand and comply with Plaintiffs' request for information and notice of error.

38.     The Feb. 3 RFI/NOE was mailed to Fifth Third at a correspondence address, P.O. Box 630170, Cincinnati, Ohio 45263-0170, which: (1) is not an address to which Plaintiffs' payments were to be directed, and (2) is the address specified by Fifth Third for receipt of requests for information.

39.      The Feb. 3 RFI/NOE was received by Fifth Third on February 6, 2017.  Proof of delivery is attached hereto as Exhibit 2.

40.     As of the date of this Complaint, Fifth Third has failed and/or refused to: (1) provide any response whatsoever to their Feb. 3 RFI/NOE; (2) provide any of the requested information or documents, or (3) correct the error noticed by Plaintiffs.

41.     In a further effort to obtain information from Fifth Third about the servicing of the Note and the HELOC, and to resolve the inconsistency in Fifth Third's reporting of the loan balances, Plaintiffs sent a Request for Information and Notice of Error to Fifth Third on February 17, 2017 ("Feb. 17 RFI/NOE," Ex. 3).

42.     The Feb. 17 RFI/NOE constitutes a "qualified written request" and a "request for information" as those terms are used in RESPA, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. § 1024.36. (*Id.*)

43.     The Feb. 17 RFI/NOE constitutes a "request to correct errors" and a "notice of error" as those terms are used in RESPA, 12 U.S.C. § 2605(k) and Regulation X, 12 C.F.R. § 1024.35. (*Id.*)

44.     The Feb. 17 RFI/NOE contains sufficient information, including the borrower names, borrower social security numbers, and loan numbers, for Fifth Third to identify the loans as to which servicing information was being requested.

45.     The Feb. 17 RFI/NOE identifies the information requested with sufficient detail and particularity for Fifth Third personnel to understand and comply with Plaintiffs' request for information and notice of error.

46.     The Feb. 17 RFI/NOE was mailed to Fifth Third at a correspondence address, P.O. Box 630170, Cincinnati, Ohio 45263-0170, which: (1) is not an address to which Plaintiffs' payments were to be directed, and (2) is the address specified by Fifth Third for receipt of requests for information.

47.      The Feb. 17 RFI/NOE was received by Fifth Third on February 21, 2017.  Proof of delivery is attached hereto as Exhibit 4.

48.     As of the date of this Complaint, Fifth Third has failed and/or refused to: (1) provide any response whatsoever to their Feb. 17 RFI/NOE; (2) provide any of the requested information or documents, or (3) correct the error noticed by Plaintiffs.

49.     While ignoring Plaintiffs' requests for information and notices of error, Fifth Third continues to threaten foreclosure under the Note and the HELOC to date, making various

requests of Plaintiffs to provide information in connection with a potential modification and/or reinstatement plan.

## RESPA, 12 U.S.C. § 2605(e), (k)

50. Under 12 U.S.C. § 2605(e), Fifth Third was required to acknowledge its receipt of each of Plaintiffs' requests for information within five (5) business days of receipt.

51. As of the date of this Complaint, Fifth Third has <u>never</u> acknowledged receipt of the Feb 3, 2017 RFI/NOE or the Feb. 17, 2017 RFI/NOE.

52. Under 12 U.S.C. § 2605(e), Fifth Third was required to provide Plaintiffs with the requested servicing information and documents within thirty (30) days of its receipt of the requests for information.

53. As of the date of this Complaint, Fifth Third has <u>never</u> provided Plaintiffs with <u>any</u> of the requested servicing information or documents.

54. Under 12 U.S.C. § 2605(k), Fifth Third was required to take timely action to correct errors in response to Plaintiffs' February 3, 2017 and February 17, 2017 notices of error.

55. Under 12 C.F.R. § 1024.35(d), Fifth Third was required to acknowledge receipt of Plaintiffs' notices of error within five (5) days of receipt.

56. Fifth Third has <u>never</u> acknowledged receipt of Plaintiffs' notices of error.

57. Under 12 C.F.R. § 1024.35(e), Fifth Third was required to either correct the noticed errors, or conduct a reasonable investigation into the noticed errors and provide a response to Plaintiffs, within thirty (30) days of its receipt of Plaintiffs' notices of error.

58. Fifth Third neither corrected the noticed errors, which it received on February 6, 2017 and February 21, 2017, nor conducted any investigation into the noticed errors, at any time,

and has not provided any response to Plaintiffs with respect to the February 3, 2017 or February 17, 2017 RFI/NOEs.

59.     Plaintiffs have suffered actual harm and damages as a result of Fifth Third's violations of 12 U.S.C. § 2605(e) and (k), including: (1) an inability to validate their purported indebtedness to Fifth Third; (2) an inability to validate and/or evaluate the payments made to and charges against their account; (3) expenditure of attorney fees to obtain the requested information; (4) inability to correct clear errors in Fifth Third's servicing of their accounts; and (5) mental stress and emotional distress stemming from continued erroneous servicing by Fifth Third and continued deprivation of information to which Plaintiffs are legally entitled.

60.     "Additional damages" under 12 U.S.C. § 2605(f)(1)(B) are warranted due to Fifth Third's "pattern and practice of noncompliance" with the requirements of 12 U.S.C. § 2605(e) and (k).

WHEREFORE, Plaintiffs request that judgment be granted in their favor, specifying the following relief:

      a.  An award of actual and additional damages pursuant to 12 U.S.C. § 2605(f)(1);

      b.  Injunctive relief requiring Fifth Third to comply with its obligations under 12 U.S.C. § 2605(e)(2) to provide all requested servicing information to Plaintiffs;

      c.  Injunctive relief requiring Fifth Third to comply with its obligations under 12 U.S.C. § 2605(e)(3) to refrain from furnishing any negative information to third party credit reporting agencies regarding Plaintiffs' loan for a period of at least 60 days;

      d.  Injunctive relief requiring Fifth Third to comply with its obligations under 12 U.S.C. § 2605(k) to correct errors in its accounting of Plaintiffs' loans; and

e.   An award of costs and reasonable attorney fees as required by 12 U.S.C. § 2605(f)(3).


Respectfully submitted,

Dated:  July 31, 2017                            /s/ Theodore J. Westbrook
                                                 Theodore J. Westbrook
                                                 **Westbrook Law PLLC**
                                                 Attorney for Plaintiffs
                                                 6140 28th St. SE, Suite 115
                                                 Grand Rapids, MI 49546
                                                 twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiffs Carl Blaukwamp and Carrie Blauwkamp, by and through their counsel, hereby

demand a trial by jury as to all claims and issues so triable.


Respectfully submitted,

Dated: July 31, 2017                              /s/ Theodore J. Westbrook
                                                  Theodore J. Westbrook
                                                  **Westbrook Law PLLC**
                                                  Attorney for Plaintiffs
                                                  6140 28th St. SE, Suite 115
                                                  Grand Rapids, MI 49546
                                                  twestbrook@westbrook-law.net